J-S01044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIAN THOMAS ANTONOVICH :
:
Appellant : No. 179 WDA 2022

Appeal from the Judgment of Sentence Entered January 5, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000508-2021

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: APRIL 11, 2023**

Appellant, Brian Thomas Antonovich, appeals the judgments of sentence imposed after he was convicted of stalking, terroristic threats, and harassment.[1] He challenges the discretionary aspects of his aggregate sentence: two to four years' imprisonment, to be followed by six years' probation. Upon review, we affirm.

On October 7, 2021, Appellant waived a jury and proceeded to trial. N.T. 10/7/21, 5-7. The trial court offers us the following summary of the facts:

> At trial[,] the Commonwealth presented the testimony of the victim who testified that between April and May of 2020 she first encountered [Appellant] when she was walking near a grocery store in the Greenfield area of Pittsburgh. As she walked past

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2709.1(a)(2), 2706(a)(1), and 2709(a)(4), respectively.

[Appellant], who sitting at a bus stop, he said to her, "I like your ass in your pants[,]" and as she ignored him and continued walking[,] he screamed at her, "I will F--- you up your ass." The victim then ran across the street and [Appellant] screamed at her[,] "I am going to beat you the F--- up." The victim testified that she had eight to ten similar encounters with [Appellant] in the Greenfield area over the ensuing months. The victim also testified that on the night of January 7, 2021[,] she was in her fenced[-]in front yard with her dog when [Appellant] approached the fence, leaned over and began throwing punches at her dog. When the victim pleaded for him to stop, [Appellant] stated: "I am going to kill your dog[,]" and told the victim[,] "I am going to get you[,]" and "I am going to beat you the F--- up." The victim did not know [Appellant's] name at that point but subsequently videoed him on other encounters and[,] after showing the video to others in the neighborhood[,] was able to identify [Appellant]. After identifying [Appellant,] she was able to video him again approaching her and yelling[,] "I will slam your door shut for real." The victim testified that[,] during the repeated encounters with [Appellant,] he threatened to sexually assault her, beat her up[,] and kill her and her dog. The victim testified that she not only feared for herself but others in the neighborhood and posted information regarding the threats by [Appellant] online. On cross examination[,] defense counsel elicited testimony that the victim only identified [Appellant] by name after showing the video she made to others in the neighborhood and it was those other individuals who provided [Appellant's] name to the victim. Further, [the cross-examination testimony included] that the victim subsequently researched [Appellant's] name on the internet and found that [Appellant] had similar criminal offenses and she then contacted the police. The Commonwealth also presented evidence from the investigating officers that the victim clearly identified [Appellant] from a photo array as the person repeatedly threatening her.

Trial Court Opinion, 6/6/22, 2-3 (trial record citations omitted).

On October 14, 2021, the court found Appellant guilty of stalking by repeatedly committing acts to cause fear, terroristic threats, and harassment through the communication of lewd, lascivious, threatening, or obscene

language. N.T. 10/7/21, 5; N.T. 10/14/21, 3; Bill of Information, 3/8/21. Sentencing was deferred for the preparation of a pre-sentence investigation report and a mental health evaluation. N.T. 10/14/21, 3; Mental Health Evaluation Order, 7/12/21, 1. On January 5, 2022, the court imposed consecutive terms of one to two years' imprisonment and three years' probation for stalking and terroristic threats, and no further penalty for harassment.[2] N.T. 1/5/22, 14; Sentencing Order, 1/5/22, 1. Prior to announcing the terms of the sentence, the court told Appellant, "I find you to be a clear and present danger to society and the victim here. You don't seem to take any remorse and responsibility. I feel that you're definitely a threat to her as well as the general public." N.T. 1/5/22, 14.

Appellant timely filed a post-sentence motion seeking modification of his sentence in which he claimed, among other things, that his sentence was

---

[2] Both imprisonment terms were within the standard range recommended by the Sentencing Guidelines. The guidelines assigned offense gravity scores of four for stalking and three for terroristic threats. 204 Pa.Code § 303.15 (offense listing; 7th ed., amend. 5). Appellant had a prior record score of five. N.T. 1/5/22, 6-7. Accordingly, the guidelines recommended minimum imprisonment terms of nine to sixteen months, plus or minus three months for aggravating or mitigating circumstances, for stalking, and six to sixteen months, plus or minus three months for aggravating or mitigating circumstances, for terroristic threats. 204 Pa. Code § 303.16(a) (basic sentencing matrix; 7th ed., amend 5).

Appellant was charged for acts committed on or about April 1, 2020, through January 14, 2021, a period of time that spanned the effective date of the sixth amendment of the seventh edition of the Sentencing Guidelines. For our purposes that amendment is not material because the fifth and sixth amendments both recommended same minimum imprisonment terms.

unreasonable, manifestly excessive, and contrary to the factors set forth under 42 Pa.C.S. § 9721(b), and that the sentencing court failed to consider his rehabilitative needs contrary to Section 9721. Post-Sentence Motion, 1/12/22, ¶¶ 6-7. After the court denied the motion, Appellant timely filed a notice of appeal and a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Order Denying Post-Sentence Motion, 1/12/22, 1; Notice of Appeal, 2/7/22, 1; Rule 1925 Order, 2/24/22, 1; Rule 1925(b) Statement, 3/17/22, 1-3.

Appellant presents the following question for our review: "Did the Trial Court abuse its sentencing discretion by focusing entirely on the gravity of the offenses and the impact on the victim in imposing [his] sentence?" Appellant's Brief at 5.

Appellant asserts that the sentencing court abused its discretion by focusing entirely on the gravity of his offenses and their impact on the victim and not giving any consideration to his mitigation evidence, including his rehabilitative needs, his alcoholism and mental health diagnoses, and the fact that he had a comprehensive treatment plan in place for rehabilitation. Appellant's Brief at 11. He alleges that this claim raises a substantial question for our review because he states in his separate statement in his brief pursuant to Pa.R.A.P. 2119(f) that the claim highlights the fact that the court abused its discretion "by disregarding the mandates of Section 9721(b)." Appellant's Brief at 13. He also points out that combined claims of excessive sentences and the failure to consider mitigating sentencing factors raises a substantial

question for our review. Appellant's Brief at 14, *citing Commonwealth v. Miller*, 275 A.3d 530 (Pa. Super. 2022).

Challenges to the discretionary aspects of sentencing, such as the claim presented here, "do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, --- A.3d ----, 2023 WL 2252159, *5 (Pa. Super., filed Feb. 28, 2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal[;] (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence[;] (3) whether appellant's brief has a fatal defect[, *see* Pa.R.A.P. 2119(f);] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). An appellant must satisfy this four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence. *Commonwealth v. Salter*, --- A.3d ----, 2023 WL 2053193, *4 (Pa. Super., filed Feb. 17, 2023), *citing Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). As to the last part of the test,

> A substantial question will be found where an appeal advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Zirkle*, 107 A.3d at 132 (citation omitted).

The Commonwealth raises no argument as to the timeliness of Appellant's notice of appeal and concedes that Appellant preserved his claim before the sentencing court and included a required statement in his brief pursuant to Pa.R.A.P. 2119(f). Appellee's Brief at 9-10 & n.9. The Commonwealth, while describing the nature of the Rule 2119(f) statement as "anemic," ultimately states that "it is likely appellant will be deemed to have raised the requisite substantial question." Appellee's Brief at 10, *citing Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (acknowledging that claims that a sentencing court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors or failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of an appellant, as required by 42 Pa.C.S. § 9721(b), present a substantial question).

We do not find any impediment to us reaching the merits of Appellant's claim. Appellant timely filed a notice of appeal, preserved his instant claim by raising a combined excessive-sentence and failure-to-consider-Section 9721(b)-sentencing-factors claim in his post-sentence motion, and demonstrated that his instant claim raised a substantial question for purposes of Rule 2119. *See Commonwealth v. Snyder*, --- A.3d ----, 2023 WL 1793573, *3 (Pa. Super., filed Feb. 7, 2023) (noting that a claim that a sentencing court disregarded a defendant's rehabilitative potential and

sentenced her to a manifestly excessive sentence presented a substantial question); *Miller*, 275 A.3d at 534 (concluding that a defendant raised a substantial question where he contended that a sentencing court "focused solely on the nature of the crimes," "paid no more tha[n] lip service to [his] strides toward rehabilitation and reform," and imposed a "manifestly excessive sentence").

We apply the following standard of review when reviewing discretionary sentencing claims:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted). "[W]hen imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020). This deferential standard is based on the recognition that "the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011), *quoting Commonwealth v. Walls*, 926 A.2d 957, 961-62 (Pa. 2007).

42 Pa.C.S. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

> Moreover,
>
> [42 Pa.C.S. §] 9781(c) specifically defines three instances in which appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The … weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentencing falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-76 (Pa. Super. 2012) (citation omitted).

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors the court should refer to the defendant's prior criminal record, age, personal characteristics

- 8 -

and potential for rehabilitation. Where pre-sentence reports exist, we shall…presume that the sentencing judge was aware of the relevant information regarding defendant's character and weighted those considerations along with mitigating statutory factors.

***Commonwealth v. Taylor***, 277 A.3d 577, 593 (Pa. Super. 2022) (citation omitted).

Additionally, we note the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." ***Commonwealth v. Redmond***, 273 A.3d 1247, 1254 (Pa. Super. 2022), ***citing Zirkle***, 107 A.3d at 133 (citation omitted). It is well-accepted that "[i]n imposing a sentence, the trial [court] may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." ***Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa. Super. 2003) (citation omitted); ***see also Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005) (42 Pa.C.S. § 9721 "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.") (citations omitted).

Here, Appellant asserts in the heading of his argument that the sentencing court abused its discretion "by focusing entirely on the gravity of the offense and the impact of the victim in imposing [his] sentence." Appellant's Brief at 16. Based on his tailored citation to 42 Pa.C.S. § 9781(c), he intimates that this Court should vacate his sentence and remand because the sentencing court imposed a sentence within the recommendations of the

Sentencing Guidelines but the application of the guidelines would be "clearly unreasonable" given the circumstances involved in this matter. Appellant's Brief at 16-17. As for those circumstances, he refers us to his counsel's arguments from the sentencing hearing about the role of his alcohol use and mental health issues throughout his criminal history, his prior lack of any in-patient or rehabilitation treatment, and his support for a Justice Related Services ("JRS") treatment plan to address these underlying causes of his crimes. Appellant's Brief at 19, *citing* N.T. 1/5/22, 3-5. After these arguments which appeared to be in the same vein as the claim preserved in his post-sentence motion, Appellant proceeds to segue into a separate claim that the sentencing court erred by not offering an adequate explanation of the reasons for its sentence at the sentencing hearing. Appellant's Brief at 20. He then restates the court's remarks that prefaced the imposition of his sentence, calling them "exceptionally minimal," and argues that the limited remarks demonstrated that the trial court "gave no consideration to [his] mitigating evidence as required by Section 9721(b)." Appellant's Brief at 20. We do not discern an abuse of discretion upon reviewing these arguments.

To the extent that Appellant presents for the first time on appeal an argument that the trial court abused its discretion by not offering an adequate statement of reasons for the sentence pursuant to Section 9721(b), that part of his argument is waived as it was never preserved below either in an objection at the sentencing hearing following the imposition of his sentence or in his post-sentence motion. *See Commonwealth v. Hartman*, 908 A.2d

316, 319 (Pa. Super. 2006) (appellant waived a discretion sentencing claim by not preserving it at sentencing or in a timely post-sentence motion); ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (discretionary sentencing claim waived where, although appellant filed a post-sentence motion for reconsideration of sentence, the motion did not include the specific claim raised on appeal); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). The claims preserved below were that the sentencing court failed to consider Appellant's rehabilitative needs and imposed an excessive sentence – not that the court failed to offer an adequate statement of reasons pursuant to 42 Pa.C.S. § 9721(b). ***See*** Post-Sentence Motion, 1/12/22, ¶¶ 6-7 ("At sentencing, this Honorable Court failed to consider [Appellant's] rehabilitative needs, in violation of 42 Pa.C.S. §§ 9721(a) and (b). … Based on the foregoing, [Appellant] submits that his sentence is unreasonable, manifestly excessive, and contrary to factors set forth under 42 Pa.C.S. § 9721(b), 42 Pa.C.S. § 9725, and the Sentencing Code generally.").

In any event, the court offered a statement of reasons for the sentence but Appellant suggests that it was inadequate because it failed to address the court's consideration of his mitigation evidence. In support of that argument, he relies solely upon this Court's decision in ***Commonwealth v. Coulverson***, 34 A.3d 135 (Pa. Super. 2011). Appellant's Brief at 17-20. He argues that because the sentencing court's statement was "exceptionally minimal," "as in **Coulverson**," the record fails to "evince that the [sentencing] court …

considered anything other the severity of [the] offenses and their impact on the victim." Appellant's Brief at 20.

*Coulverson*, a well-reasoned opinion by an esteemed member of this panel, does not support a finding of an abuse of discretion here. In that case, the defendant pleaded guilty to rape, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, robbery, unlawful restraint, terroristic threats, and two counts of indecent assault that he committed when he was 19 years old. *Coulverson*, 34 A.3d at 138-39. The sentencing court imposed an 18-to-90-year aggregate term of imprisonment, which included the imposition of multiple consecutive statutory maximum sentences to accomplish the upper end of the sentence. *Id.* at 139. On appeal, we found that the imposition of a 90-year maximum sentence on a 19-year-old defendant was "clearly unreasonable" as the trial court imposed a virtual life sentence, failing to give any consideration to the defendant's characteristics and improperly basing its sentencing on its determination that defendant should "spend as much of his life in prison as the court could order[.]" *Id.* at 148.

In the instant case, Appellant does not develop an argument that his sentence was "clearly unreasonable" for purposes of 42 Pa.C.S. § 9781(c). Instead, he is only arguing that the sentencing court's statement of reasons showed a disregard for mitigating evidence and that was an abuse of discretion based on *Coulverson*. But the result in *Coulverson* did not hinge on an improper or inadequate statement of reasons. *See id.* at 146

("*Although we do not dispose of this appeal on that basis,* we are troubled by the court's cursory treatment of so weighty a matter, as the 90-year aggregate maximum potentially consigns a 19-year old defendant with mental health problems to life in prison without even a nod to relevant sentencing factors.") (emphasis added). This Court vacated the sentence and remanded because the *maximum* aggregate sentence was "clearly unreasonable" and the court's stated reasons appeared to "ignore the continuum of circumstances underlying a defendant's criminal conduct, society's need for rehabilitation, or the statutory factors enunciated in our Sentencing Code on the way to imposing a maximum sentence." *Id.* at 150.

In the present case, as opposed to **Coulverson**, the trial court imposed two imprisonment terms within the standard range recommended by the Sentencing Guidelines that did not extend to the statutory maximum. Also, the court's statement of reasons for the sentence did not demonstrate a fixation to keep Appellant "in jail for life," *id.* at 149 n.3, to the total disregard of the relevant sentencing factors under Section 9721(b). Here, the trial court's statement – while short and certainly not to Appellant's liking – reflected consideration of the mandatory sentencing factors under Section 9721(b). The court's findings as to Appellant being "a clear and present danger to society and the victim" and a "threat to [the victim] as well as the general public" reflected consideration of the factors concerning the need to protect the public and the gravity of the offense as it relates to the impact on the life of the victim and on the community. N.T. 1/5/22, 14. At the same

time, the court's statement to Appellant, "You don't seem to take any remorse and responsibility," N.T. 1/5/22, 14, appeared to reflect consideration of his need for rehabilitation, the remaining mandatory factor for imposing an imprisonment term under Section 9721(b).

The trial court could have elaborated on its remarks prior to the imposition of the sentence but we cannot characterize the offered statement of reasons as evincing a disregard for the mandatory statutory sentencing factors as in *Coulverson*. To the extent that Appellant suggests that the trial court had to address the points and statements made by his counsel to reflect its consideration of the mitigation evidence, Appellant does not cite any caselaw to that effect. Indeed, "a lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2005) (citations omitted); *see also Coulverson*, 34 A.3d at 145 ("The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b).") (citation omitted).

In this instance, we can presume that the sentencing court was aware of the statutory sentencing factors and considerations about Appellant's character and properly weighed them because the record reflects the court's possession of a pre-sentence investigation report. N.T. 1/5/22, 2 (the court asked Appellant's counsel about whether he had a chance to review the report

and whether there were any additions or corrections to it); *see Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.); *accord Commonwealth v. Rosario*, 248 A.3d 599, 614 (Pa. Super. 2021); *Commonwealth v. Wallace*, 244 A.3d 1261, 1279 (Pa. Super. 2021).

Furthermore, Appellant's reliance on *Coulverson* is misplaced because he fails to demonstrate that his sentence is "clearly unreasonable" such that the trial court committed a manifest abuse of discretion when it sentenced him. The trial court only imposed two consecutive standard-guideline-range sentences resulting in a four-year maximum possible imprisonment term and six years of probation. This is a reasonable sentence where Appellant reoffended after serving a prior lengthy imprisonment term for prior sex offenses and the instant charges involved him threatening additional sex acts and violence against the victim in this case. N.T. 10/7/21, 18-19; N.T. 1/5/22, 4, 7. Moreover, the court acted within its discretion by opting for consecutive sentences where the underlying charges involved eight to ten encounters that Appellant had with the victim. N.T. 10/7/21, 19. Appellant was not entitled

to a volume discount for his crimes.[3] ***Commonwealth v. Swope***, 123 A.3d 333, 341 (Pa. Super. 2015).

We find that the aggregate sentence is not grossly disparate to Appellant's conduct and does not appear "clearly unreasonable" for purposes of 42 Pa.C.S. § 9781(c). Accordingly, we conclude that Appellant is entitled to no relief on the grounds raised before us.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023

---

[3] We also note that the fact that victim's testimony addressed that Appellant "started throwing physical punches" at her dog and made threats to kill the animal during one of the encounters is particularly troubling and additionally speaks to the rehabilitative needs of Appellant that might be addressed by the sentence imposed. N.T. 10/7/21, 20.